UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGIE K SLATER,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>BEHAVIORAL HEALTH RESOURCES, a non-profit corporation, and JOHN AND JANE DOES 1-10,<br><br>　　　　　　　　Defendant. | CASE NO. 3:23-cv-05270-DGE-RJB<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Behavioral Health Resources' ("BHR") Motion for Summary Judgment (Dkt. 14). Oral argument has been requested but is not necessary to fairly resolve the motion. For the reasons stated herein, the Motion should be denied.

**A. SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

ORDER ON MOTION FOR SUMMARY JUDGMENT - 1

movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986); *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, which is a preponderance of the evidence in most civil cases. *Anderson* at 254; *T.W. Elect.* at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect.* at 630 (relying on *Anderson* at 255). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888–89 (1990).

On summary judgment fact analysis, as here, reasonable inferences from circumstantial evidence should also be considered. Washington Pattern Jury Instruction 1.03.

ORDER ON MOTION FOR SUMMARY JUDGMENT - 2

**B.  ISSUES**

In this employment case, Defendant raises two issues in support of its motion, as follows:

> B.  Slater's Religious Discrimination Claims Must be Dismissed
>
> 1. Ms. Slater's Title VII and WLAD claims must be dismissed because her objection to vaccination was not based on a bona fide religious belief.
>
> 2. The undisputed evidence establishes that allowing Ms. Slater to work at a healthcare facility while unvaccinated would have imposed an undue hardship on BHR.

Dkt. 14 at 2.  The Court will address the two issues:

<u>Issue 1</u>.  The evidence is sharply disputed about the question of whether Plaintiff's claim of objection to vaccination was based on a bona fide religious belief.  Plaintiff's assertion is supported by Plaintiff's own testimony in her deposition (Dkt. 19-1 at 31 & 37).  Plaintiff may have offered additional support from Pastor Sean Hollen (Dkt. 19-1 at 37).  Even without his testimony, the evidence is sufficient to raise a material issue of fact on Issue Number 1.

<u>Issue 2</u>.  There is also evidence in the record sufficient to raise material issues of fact on Issue 2:

Plaintiff Angie Slater may have worked for Defendant for six years, according to Plaintiff's Response in Opposition to the Defendants Motion for Summary Judgment (Dkt. 19 at 2) (Counsel's brief is not under oath.).  In any event, it is clear that Plaintiff's employment was fairly long term.  Following is a timeline of critical dates relevant to this case (based on Defendant's statement of undisputed facts (Dkt. 14 at 4 et seq)):

1. March 2020:  Defendant's office remained open during the COVID-19 pandemic.

2. March 16, 2020.  CEO Tebo informed employees of pandemic precautions.

3. June 16, 2021.  Defendant requested vaccination records from employees.

4. July 2, 2021. Defendant outlined its expectations for vaccination and unvaccinated office employees.

5. August 20, 2021. The Washington State Governor's office issued Proclamation 21-14.1, which required vaccinations of health care workers such as Plaintiff.  Defendant advised its employees that they must be vaccinated by October 18, 2021, and acknowledged that sincerely held religious objections may justify an exemption.   The mandate required that employees must conduct "an individualized assessment determination of each individuals need and justification for an accommodation" by August 31, 2021.

6. August 31, 2021. Plaintiff submitted a religious exemption request,

7. September 21, 2021. Defendant approved Plaintiff's exemption request.

8. September 23, 2021. Defendant advised Plaintiff that it could not provide her with a reasonable accommodation, and that her employment would be terminated effective October 18, 2021.  Her employment was terminated, leaving, for this case, Issue 2.  It is unclear when Plaintiff's employment actually ended.

90. September 29, 2021.  Plaintiff's union grieved her separation.

The timing of these events provide evidence attacking Defendant's position, that allowing the unvaccinated Plaintiff to work would have imposed an undue hardship on Defendant. Plaintiff worked, without incident, for some 18 months, from before the pandemic until her termination (apparently, using masks and distancing, etc.).  Plaintiff sought a religious exemption on August 31, which was approved on September 21.  Only two days later, Defendant changed its position and fired Plaintiff without clearly resolving any information about accommodations considered, or the burdens of those accommodations, on Defendant.  Plaintiff's involvement in any interactive accommodation process arguably appeared to be minimal and unproductive,

ORDER ON MOTION FOR SUMMARY JUDGMENT - 4

without "an individualized assessment determination of each individuals' need and justification for an accommodation."

Defendant argues compellingly about the propriety of the choice it made. However, considering factual issues regarding Plaintiff's employment, risks to customers and staff at work, hardship and undue hardship to Defendant, available accommodations, etc., leave the Court with the conclusion that Defendant's choice to fire Plaintiff could be reasonably interpreted by a judge or jury to be based on Defendant's response to Plaintiff's claim of exemption for religious belief and/or that a conclusion that Defendant's obligations in its claim of an undue hardship were triggered by events and conclusions not fairly reached after appropriate analysis of possible reasonable accommodations.

Defendant arguably jumped to an action without fairly considering the issues of accommodation and actual hardship. There are issues of material fact in regard to Defendant's claim of undue hardship in determining reasonable accommodation for Plaintiff.

**C. CONCLUSION**

For the foregoing reasons, Defendant Behavioral Health Resources' Motion for Summary Judgment (Dkt. 14) should be denied.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of August, 2024.

ROBERT J. BRYAN
United States District Judge